FILED
CLERK, U.S. DISTRICT COURT
3/4/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAD SIDDIQI, <br><br> Petitioner, <br><br> v. <br><br> THE SUPREME COURT OF THE STATE OF CALIFORNIA, <br><br> Respondent. | Case No. 2:19-cv-01147-GW-MAA <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

## I. INTRODUCTION

On February 12, 2019, Petitioner Javad Siddiqi filed a Petition for Writ of Coram Nobis. ("Petition," ECF No. 1.) Invoking 28 U.S.C. § 1651(a), Petitioner seeks a writ of coram nobis to remedy the collateral consequences of his criminal conviction in state court. (*See id.* at 7.) Petitioner claims that he pleaded no contest to misdemeanor sexual assault without having been advised that he would have to register as a sex offender for the rest of his life. (*See id.* at 8-9.)

For the reasons stated below, whether the Petition is construed as a petition for writ of error coram nobis, a petition for writ of habeas corpus, or a motion pursuant to Federal Rule of Civil Procedure 60(b), the Petition is subject to summary dismissal.

## II. DISCUSSION

### A. Writ of Coram Nobis

"[T]he writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). This extraordinary remedy may be available in post-conviction proceedings in federal criminal cases in which no other relief is available. *See Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). However, "[c]oram nobis relief is not available in federal court to attack a state court conviction." *Casas-Castrillon v. Warden*, 265 F. App'x 639, 640 (9th Cir. 2008); *see also Hensley v. Municipal Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972) (declining to treat petition as seeking coram nobis relief because the petitioner sought "to challenge a state court proceeding in federal court"), *rev'd on other grounds*, 411 U.S. 345 (1973); *cf. Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) (collecting circuit court decisions ruling that "district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts").

Further, coram nobis relief may be sought only from the court whose ruling is being challenged. *See, e.g.*, *United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002) ("A writ of error *coram nobis* attacking [a] conviction may only be brought in the sentencing court."); *Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955) ("[T]he writ can issue, if at all, only in aid of the jurisdiction of the . . . court in which the conviction was had."); *cf. United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954) (A petition for writ of error coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding.").

Here, the Petition challenges the rulings of the California state courts relating to collateral consequences from a California state-court conviction. (*See* Petition at 7-9.) Accordingly, coram nobis relief is unavailable in this federal court because

(1) federal coram nobis relief is not available to remedy the collateral consequences of Petitioner's state-court conviction, and (2) this federal district court is not the state court whose ruling Petitioner challenges.

Moreover, Petitioner fails to allege a basis for federal jurisdiction to the extent Petitioner invokes the All Writs Act, 28 U.S.C. § 1651(a). "[T]he All Writs Act empowers federal courts only to act to preserve their jurisdiction, which jurisdiction must have independent source in the law . . . ." *Rendall v. Carey*, No. C 02-0568 WHA (PR), 2002 U.S. Dist. LEXIS 10933, at *5 n.3, 2002 WL 1346354, at *2 n.3 (N.D. Cal. May 31, 2002) (citing *Jackson v. Vasquez*, 1 F.3d 885, 888-89 (9th Cir. 1993)). The All Writs Act "is not itself a source of jurisdiction." *Chavez v. Superior Court*, 194 F. Supp. 2d 1037, 1039 (C.D. Cal. 2002) (rejecting use of All Writs Act to support jurisdiction over petition for writ of error coram nobis). "Thus, a federal district court has no jurisdiction under the All Writs Act to entertain a petition for writ of error coram nobis attacking a state conviction." *Young v. People*, No. CV 18-2208-AG(E), 2018 U.S. Dist. LEXIS 57660, at *3, 2018 WL 1662506, at *2 (C.D. Cal. Mar. 22, 2018).

### B. Writ of Habeas Corpus

Were the Court to construe the Petition as one seeking a writ of habeas corpus, the Petition would have to be dismissed because Petitioner has not shown he is in custody. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court may grant relief pursuant to 28 U.S.C. § 2254 to "a person *in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" requirement is a jurisdictional one. *See Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005). "[O]nce the sentence imposed for a conviction has completely expired, the

3

collateral consequences of that conviction are not in themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *accord Resendiz*, 416 F.3d at 956 ("[F]ederal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'" (quoting *Maleng*, 490 U.S. at 490-91)). California's sex offender registration requirement, California Penal Code § 290, does not render a habeas petitioner "in custody" when a petition is filed after a convict is released from prison and discharged from probation or parole. *See Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (holding that "the registration requirement is merely a collateral consequence of conviction" that is alone insufficient to render an individual "in custody").

Petitioner implicitly admits in the Petition that he is not in custody. (*See, e.g.*, Petition at 7 (noting that coram nobis relief, not habeas corpus relief, is available to "a criminal defendant out of custody"). *Cf. Monreal*, 301 F.3d at 1131-32 (9th Cir. 2002) (describing a writ of error coram nobis, which Petitioner expressly seeks in this proceeding, as a remedy "available only to petitioners who have fully served their sentences"). Petitioner does not allege that he is in jail or on probation; although Petitioner was sentenced to six days in county jail and a three-year period of probation, Petitioner was sentenced in 2008, and the custodial term apparently has elapsed. (*See* ECF No. 1-1, at 28 (outlining terms of sentence); ECF No. 1-2, at 30 (declaring Petitioner lives in a neighborhood, works freelance jobs, and is "in society," all statements indicating Petitioner is not incarcerated or otherwise in custody).) Petitioner merely avers that he is subject to periodic re-registration as a sex offender (*e.g.*, Petition at 12), which the Ninth Circuit expressly held does not alone fulfill the "in custody" requirement. *See Henry*, 164 F.3d at 1242 ("Registration, even if it must be done in person at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas

corpus relief."). The Court concludes that it plainly appears from the face of the Petition that Petitioner is not in custody and, therefore, is not entitled to federal habeas relief. Therefore, dismissal pursuant to Rule 4 of the Section 2254 Rules is appropriate.

### C. Federal Rule of Civil Procedure 60(b)

Were the Court to construe the Petition as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), jurisdiction would be lacking. "[N]either Rule 60(b) *per se* nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts." *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co.*, 442 F.2d 1234, 1239 (D.C. Cir. 1971) (citing Fed. R. Civ. P. 1). "While Rule 60(b) can be used to relieve a party from a final judgment, order, or proceeding issued by the United States District Court, it cannot be used to relieve [a petitioner] of an order, judgment or proceeding issued by a state court . . . ." *Smalling v. Arizona*, No. CV 09-1062-PHX-MHM (DKD), 2009 U.S. Dist. LEXIS 67272, at *5, 2009 WL 2177318, at *2 (D. Ariz. July 21, 2009). A motion pursuant to Rule 60(b) is not an appropriate vehicle for Petitioner's challenge to his state-court criminal conviction, and the Court lacks jurisdiction to entertain the motion. *See id.* (denying Rule 60(b) motion for lack of jurisdiction).

///
///
///
///
///
///
///
///

## III. CONCLUSION

IT IS THEREFORE ORDERED that judgment be entered summarily dismissing this action without prejudice.

DATED: March 4, 2019

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
UNITED STATES MAGISTRATE JUDGE
HON. MARIA A. AUDERO